**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**BRIAN CROCKETT,**

    Petitioner,

vs.   No. 07-CV-1175 JCH/ACT

**TIM LEMASTER**, Warden,
and the Attorney General of the
State of New Mexico,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner Brian Crockett's Application for a a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. [Doc. No. 1]. Crockett, appearing *pro se*, filed his Application on November 19, 2007. Respondent filed an Answer, with accompanying Exhibits, on January 25, 2008. [Doc. No. 8]. The United States Magistrate Judge, having reviewed the application, the Answer, the accompanying Exhibits and the relevant law, recommends that the Application for a Writ of Habeas Corpus be DENIED ON THE MERITS.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

1. Crockett is in the lawful custody of Respondent LeMaster. On February 28, 1992, Crocket pled no contest to the offenses of murder in the second degree, kidnaping in the second degree, and aggravated burglary. [Doc. No. 8, Ex. A]. On March 17, 1992, Crockett was sentenced to a total of 40 years incarceration pursuant to a Judgment, Sentence and Commitment entered in

the Second Judicial District Court, Bernalillo County Cause No. CR-90-01296/91-01996. [Doc. No. 8, Ex. A].

2.  In his federal habeas petition, Crockett addresses the loss of 365 days of good time credit following a New Mexico Corrections Department disciplinary procedure in which Crockett was found guilty of engaging in a riot.  Crockett contends that his federal due process rights were violated and makes the following claims: 1) the disciplinary officer relied on "falsified information" in finding that Crockett engaged in a riot; 2) the state district court erred in finding that the "some evidence" standard of review was met by the disciplinary officer; 3) the disciplinary officer improperly disregarded Crockett's defense of racial tension; 4) the disciplinary officer improperly failed to consider the numeric superiority of Hispanics over African Americans in the unit where the disturbance took place; 5) the disciplinary officer improperly relied on information received from confidential informants that had also been involved in the riot; and, 6) the disciplinary officer improperly failed to rely on a videotape of the incident. [Doc. No. 1].

3.  On January 25, 2008, Respondents  filed their Answer. [Doc. No. 8].  Respondents contend that Crockett failed to state a meritorious constitutional claim cognizable under 28 U.S.C. § 2254 and request that the Court dismiss Crockett's application.

## FACTUAL AND PROCEDURAL HISTORY

4.  Following a disturbance that occurred on November 4, 2003, at the Guadalupe County Correctional Facility, Crockett was charged with Engaging in a Riot. [Doc. No. 8, Ex. F - Ex. 1/Memo].  The Inmate Misconduct Report states in part:

> Information was received which identified Inmate Brian Crockett #32901 as being an instigator, and participant in the Disturbance. . . .  Inmate Crockett admitted to taking part in the Disturbance, due to being upset about rumors that Hispanic inmates

>were going to jump another Black inmate. Inmate Crockett assisted in initiating the Disturbance by throwing a food tray and striking a Hispanic inmate.

*Id.*

 5. On November 18, 2003, a MAJOR level hearing was conducted to address the charges made against Crockett. [Doc. No. 8, Ex. B]. At the hearing, Crockett acknowledged his right to remain silent, he declined an interpreter and the calling of witnesses, and requested inmate Richard Jackson as his legal representative. *Id.* Crockett testified on his own behalf as did Jackson. *Id.* In a written Disciplinary Decision dated December 4, 2003, the Hearing Officer found Crockett guilty of the MAJOR level report. *Id.* Recommended sanctions included confinement in disciplinary segregation for ninety day and forfeiture of all good time credit. *Id.* The recommended decision of the Hearing Officer as to the forfeiture of all good time was modified by Deputy Warden Hatch to not "exceed 365 days of good time." *Id.*

 6. In response, Crockett submitted a Disciplinary Appeal. *Id.* In upholding the decision of the Hearing Officer, the Warden noted that the time limit was met, the proper charge was made, all witnesses were interviewed, the sanction was proportionate, physical evidence was presented, procedural requirements were met, and the decision was based on substantial evidence. *Id.*

 7. On April 1, 2004, Crockett, appearing *pro se*, filed a petition for habeas corpus in the First Judicial District Court in the State of New Mexico. [Doc. No. 8, Ex. B]. Brian Tucker, Assistant Public Defender, was later appointed counsel for Crockett. [Doc. No. 8, Ex. G]. In his state habeas petition, Crockett alleged his due process rights were violated and identified six issues relating to that claim: 1) the hearing officer improperly relied on the statement of one confidential informant without any proof of reliability; 2) the hearing officer improperly relied on a "falsified" statement of Crockett admitting to helping initiate the disturbance; 3) the hearing officer failed to

fully investigate the incident; 4) the hearing officer improperly found that Crockett went from being a victim to a participant when he failed to report the incident to an officer; 5) Crockett was punished for trying to defend himself against an assault by others; and 6) the totality of the circumstances which resulted in a intolerable condition.

8. An evidentiary hearing on Crockett's state habeas petition was held in state district court on January 6, 2006. [Doc. No. 8, Ex. C]. Following the evidentiary hearing, Respondent filed a Memorandum in Support of the Disciplinary Hearing Officer's Decision [Doc. No. 8, Ex. F] and Attorney Tucker submitted a Memorandum in Support of Petition for Writ of Habeas on Crockett's behalf. [Doc. No. 8, Ex. G]. On October 26, 2006, an Order Denying Petition for Writ of Habeas Corpus was filed by the state district court. [Doc. No. 8, Ex. H]. In that Order, the court noted that the standard for review was whether there was some evidence to support the decision of the Hearing Officer. *Id.* The state district court went on to state:

> The Court was concerned that the video of the incident was consistent with the Petitioner's version of what occurred. It should be noted that the video did not capture the entire incident, only portions of the incident. This Court would have come to a different conclusion had the matter been before the Court for first hearing. However, this Court may not substitute its opinion for that of the Hearing Officer. The court finds that there was evidence to support the finding of the Hearing Officer.

*Id.*

9. Crockett, appearing *pro se*, filed a Petition for Writ of Certiorari with the New Mexico Supreme Court on November 15, 2006. [Doc. No. 8, Ex. I]. In that petition Crockett raised three issues for review: 1) whether the trial court erred in its interpretation of the hearing officer's testimony; 2) whether the trial court erred in finding there was "some evidence" to deny his writ of habeas corpus; and, 3) whether the trial court erred in using evidence that was not reliable. *Id.* The Petition was denied on November 27, 2006. [Doc. No. 8, Ex. J.].

10. On November 19, 2007, Crockett filed this Application for Writ of Habeas Corpus. [Doc. No. 1]. Respondent filed an Answer on January 25, 2008, requesting that Crockett's Application be dismissed. [Doc. No. 8].

## DISCUSSION

11. Crockett's §2554 petition will be construed as one brought under 28 U.S.C. § 2241 because the petition challenges only the execution of petitioner's sentence, rather than the fact of his conviction. *See Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002)(construing a §2254 petition as one falling under §2241 because it challenged the execution of the sentence). *See also, Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000)(attack on the execution of a sentence as it affects the duration of confinement fits better under §2241).

12. While Crockett's due process claim is construed as being brought under § 2241 rather than § 2254, the deferential standard of § 2254(d) will still apply as Crockett's challenge was first heard in a state habeas petition. *See Wheeler v. Hannigan,* 37 Fed Appx. 370, 2002 WL 432888 (10th Cir. Mar. 19, 2002); *Powell v. Ray,* 301 F.3d 1200, 1201 (10th Cir. 2002). We still accord deference to the state court's determination of the federal constitutional issue. *Cf.* 28 U.S.C. § 2254(e)(1); *Montez,* 208 F.3d at 869 (discussing comity and deference concerns in the context of § 2241).

13. 28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

14. Because the revocation of good time credits implicates a liberty interest, some process is due. But because prison disciplinary proceedings are not criminal prosecutions, the federal constitution requires only that an inmate be provided with advance written notice of the charges, a limited opportunity to call witnesses and present evidence in his defense, and a written statement of the reasons for the decision and the evidence upon which it is based. *Wolff v. McDonnell*, 418 U.S. 539, 556, 564-66 (1974); *see also e.g., Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir. 1996).

Crockett does not contend, either here or in the state proceedings, that he was not afforded these rights. The record demonstrates that he was afforded them and more, including the assistance of an inmate representative. [Doc. No. 8, Ex. B].

15. Disciplinary sanctions must be supported by "some evidence." *See Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Plunk v. Givens,* 234 F.3d 1128, 1129 (10th Cir. 2000). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "The decision can be upheld even if the evidence supporting the decision is 'meager.'" *Mitchell,* 80 F.3d at 1445 (quoting *Hill).*

16. In an Order Denying Petition for Writ of Habeas Corpus, the state district court thoroughly addressed and then rejected Crockett's claims. Noting the correct legal standard for

review of Crockett's claim, the state district court found that there was some evidence to support the finding of the Hearing Officer and denied Crockett's petition for a writ of habeas corpus.

17. This Court concludes that the state court's adjudication of this issue did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law, and that the state decision was not based on any unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Because Crockett was afforded the process due under federal constitutional requirements for disciplinary proceedings, there is no basis for habeas relief. Therefore, the Court recommends that Crockett's due process claims be dismissed with prejudice.

18. The question of exhaustion remains. Respondent argues that claims four, five and six of Crockett's federal habeas petition were not raised in the petition for a writ of certiorari with the New Mexico Supreme Court and, therefore, those claims are not exhausted. Nonetheless, Respondent urges this Court to address and deny all of Petitioner's claims on the merits.

19. As noted by Respondent, when there is a question as to exhaustion of certain claims, this Court may address and deny on the merits any unexhausted claims along with the exhausted claims. In acknowledging that a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254, the court in *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), stated:

> This court recognizes that neither our case law nor the language of § 2241 settles whether a federal court may deny on the merits an unexhausted § 2241 petition as § 2254(b)(2) expressly permits. Nevertheless, because no credible federal constitutional claim is raised in Montez's petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case.

20. As Crockett does not make any credible federal constitutional claims in his federal petition, all exhausted and unexhausted claims are denied.

## CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petitioner has failed to establish that he is in custody pursuant to a State court judgement in violation of the Constitution of the United States.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                   **Alan C. Torgerson**
                                   **UNITED STATES MAGISTRATE JUDGE**